**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MICHAEL JACOBY**                                               **CIVIL ACTION**

**VERSUS**                                                              **NO. 05-1837**

**JO ANNE B. BARNHART**                                    **SECTION "S" (3)**
**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION**

**REPORT AND RECOMMENDATION ON**
**APPLICATION FOR ATTORNEY'S FEES**

        This case is referred to the undersigned United States Magistrate Judge for review,

hearing if necessary, and submission of a report with recommended findings of fact and

conclusions of law.  Considering the Plaintiff's Petition for Attorney's Fees (Rec. Doc. 15), the

record and the applicable law, IT IS RECOMMENDED that the aforesaid petition be

GRANTED IN PART, *i.e.*, in the total amount of **$3,531.25,** for the following reasons.

### I. Nature of the Case

        This is an action for judicial review of a decision of defendant, Commissioner of Social

Security Administration (Commissioner), denying an application for social security disability

benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

### II. Proceedings

        On May 11, 2005, the action was commenced by filing a complaint and paying the

1

Court's $250.00 filing fee.[1]   The Commissioner answered,[2] and the court issued a briefing order.[3]   "Plaintiff's Brief" [Rec. Doc. 10] alleged that the Administrative Law Judge (ALJ) who considered plaintiff's application and issued a decision denying benefits erred by failing to articulate reasons for not crediting the opinions of five medical providers, made inconsistent findings regarding plaintiff's residual functional capacity and failed to include certain mental limitations in plaintiff's residual functional capacity, *inter alia.*[4]   On January 17, 2006, the Commissioner filed an unopposed motion to remand the matter for reevaluation of the medical evidence of record, reassessment of plaintiff's physical/mental conditions and residual functional capacity, further administrative proceedings and rehearing with a vocational expert, if necessary.[5]   On January 18th, 2006, judgment issued reversing the Commissioner's decision and remanding the case for rehearing pursuant to the fourth sentence of Title 42 United States Code, § 405(g).[6]   Sentence four of Section 405(g), Title 42, United States Code, authorizes the court, after considering the pleadings and transcript of the record, to order remand in conjunction with a judgment affirming, modifying or reversing the decision of the Commissioner.   The order of remand constituted a final judgment.[7]

---

[1]*See* Complaint filed May 11, 2005 [Rec. Doc. 1].

[2]Commissioner's Answer filed July 15, 2005 [Rec. Doc. 6].

[3]*See* Order dated August 4, 2005  [Rec. Doc.  8].

[4]*See* Plaintiff's Brief filed October 31, 2005 [Rec. Doc. 10].

[5]*See* Commissioner's Unopposed Motion to Remand and Memorandum in Support filed January 17, 2006 [Rec. Doc. 13].

[6]*See* Judgment signed January 17, 2006 [Rec. Doc. 14].

[7]*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993).

### III. Application for Attorney's Fees

Plaintiff  timely filed a petition for attorney's fees pursuant to the Equal Access to Justice Act, codified at 28 U.S.C. § 2412, *et seq*.   Presently before the court is plaintiff's post-judgment "Petition for Attorney's Fees" filed pursuant to the Equal Access to Justice Act, together with affidavits in support of the petition.[8]   Through the motion, memorandum in support, affidavits and attached exhibits, plaintiff requests an award of $4,423.54.  This sum consists of court costs of $250.00 (filing fee) and 26.25 hours of professional attorney time at $159.60 an hour.  Defendant has not opposed the motion; however, the court has a duty to independently examine the reasonableness of the fees requested.[9]

### IV. Standards for Attorney Fee Awards

The Equal Access to Justice Act empowers district courts to award attorney's fees to parties who prevail in litigation against the United States. Pursuant to 28 U.S.C. § 2412(d)(1)(A), attorney fees, costs, and expenses shall be awarded to a prevailing party opposing the government unless the position of the United States was substantially justified or special circumstances make an award unjust.  The statute states:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ⋯ including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

---

[8]*See* Plaintiff's Petition for Attorney's Fees [Rec. Doc. 15].

[9]*See, e.g., Curtis v. Bill Hanna Ford, Inc*., 822 F.2d 549, 551 (5 th Cir.1987).

3

Section 2412(d)(2)(A)(ii) directs that attorney fees not be awarded in excess of $125.00 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. The statute provides that:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii)(2002).

## V. Discussion

When United States district courts remand actions under sentence four of Section 405(g), the plaintiff (claimant) is a prevailing party for EAJA purposes.[10]   Consequently, plaintiff in this action is entitled to an award of attorney's fees, expenses and costs of court absent special circumstances or a showing that the position of the United States was substantially justified.   No special circumstances appear in this case, and the Commissioner has not offered any proof or argument suggesting that the position of the United States was substantially justified.   Indeed, by failing to submit any response to the motion, the Commissioner indicates no opposition to an award of fees in accordance with the applicable law.

Counsel's affidavits include a detailed recitation of legal services performed and time required, totaling 26.25 hours. As discussed below, this amount of time was reasonably necessary to pursue plaintiff's appeal of the Commissioner's unfavorable decision.   Counsel also requests compensation at the rate of $159.60 per hour.   This rate is in excess of the statutory maximum and is not accord with other attorney fees awarded in social security appeals in the

---

[10] *Shalala v. Schaefer*, 509 U.S. at 301.

4

Eastern District of Louisiana.

The $125.00 cap was set by Congress in 1996 to increase the prior cap of $75 per hour.[11]
In *Knight v. Barnhart*, 2003 WL 21467533 (E. D. La. 2003), the court recited the history of the
aforesaid cap, to wit:

> In 1995, the judges in this district sat en banc and issued a General Order to
> address the lack of uniformity in the fees awarded under the EAJA.  Per the
> General Order, the attorney's fees in EAJA cases would be $75 per hour,
> "conditioned upon the ability of the judge for good cause to increase the amount
> of attorney's fees awarded to that which is appropriate under the circumstances."
> *Adams v. Chater,* 914 F.Supp. 1365 1369 (E. D. La. 1995) (*quoting* the General
> Order).  In March, 1996, the EAJA was amended to increase the maximum
> statutory rate from $75 to $125 per hour.  28 U.S.C § 2412.  The Eastern District
> of Louisiana district judges amended the General Order in 1997, which now
> provides that in EAJA cases, "the amount of attorney's fees awarded may be
> $125.00 per hour, conditioned upon a finding by the Judge of good cause to
> increase the amount of attorney's fees to $125.00 or that which is appropriate
> under the circumstances."  *Lodge v. Apfel,* 2001 WL 637366, *1 (E. D. La. June
> 8, 2001) (quoting General Order);  *see also Hasni*, 2001 WL 128310, *1.[12]

Plaintiff contends that a reasonable hourly fee for Floridian counsel Harrington & Bohr is
$ 159.60.  Plaintiff bears the burden of proving that an increase in the cost of living or a special
factor warrants a higher hourly rate.[13]

As proof of the reasonableness of the rates charged, the plaintiff submitted (1) brief
biographical information of Chantal J. Harrington, Sarah H. Bohr and J. Michael Matthews, (2)
affidavits of Floridian counsel and (3) a list of some of the prior cases in which plaintiffs
represented by Bohr and Harrington prevailed.  None of the cases cited were prosecuted in the
Eastern District of Louisiana.  In further support of their fee application at the hourly rate of

---

[11]*Knight v. Barnhart*, 2003 WL 21467533, at *2 (E. D. La.) (Vance, J.).

[12]*Knight v. Barnhart*, 2003 WL 21467533, at *2 (E. D. La.) (Vance, J.).

[13]*Id.* (*citing Spencer v. Apfel*, 1998 WL 26484, at *3 (E.D.La. May 21, 1998)).

$159.60, plaintiff's counsel further attests that, on occasion, the firm consults with attorneys in

Social Security cases, for which they are paid an hourly rate of $175.00.  Counsel submits that

the hourly rate sought in this case – the statutory cap with upward cost of living adjustment (*i.e.*,

$159.60) – is considerably less that the hourly rate they normally charge for legal services.

 Plaintiff's primary argument for exceeding the $125 cap is that an increase in the cost of

living has occurred since the EAJA was amended in 1996.   However, in *Hall v. Chater*, the Fifth

Circuit clarified that a district court is not required to award an amount in excess of the statutory

cap based upon cost of living increases.[14]   The Fifth Circuit found that the trial judge had not

abused his discretion because the statutory cap served to "ensure adequate representation for

those who need it and [to] minimize the cost of [ ] representation to tax payers"-the dual

purposes of the EAJA.[15]   Moreover, the Fifth Circuit recognized the need for uniformity among

the judges in the Eastern District of Louisiana when setting attorney fee awards.[16]

Plaintiff has cited no case *from this district* in which a fee in excess of the $125 cap was

awarded. The Court's own research has revealed that $125 per hour remains the "going rate" in

Eastern District of Louisiana for social security fee awards.[17]   Plaintiff has failed to demonstrate

by controlling precedent that an increased cost of living or other special factor in this particular

---

[14]*Hall v. Charter*, 50 F.3d 367, 369 (5th Cir.1995).

[15]*Id.* at 369, 370.

[16]*Id* . at 370.

[17]*See, e.g.*, *Passaro v. Barnhart*, 04-1300, 2005 WL 1432368 (E. D. La. March 27, 2005)
(Barbier, J.); *Buras v. Barnhart*, 01-0618, 2004 WL 74315 (E. D. La. Jan. 14, 2004) (Zainey, J.);
*Knight v. Barnhart*, 02-1741, 2003 WL 21467533 (E. D. La. June 20, 2003) (Vance, J.); *Jackson
v. Barnhart*, 01-1911, 2002 WL 927799 (E. D. La. May 7, 2002) (Barbier, J.); *Bressard v.
Barnhart,* 00-0285, 2001 WL 79897 (E. D. La. Jan. 29, 2001) (Barbier, J.).

case justifies a higher hourly rate than that specified by statute.   As explained by the court in

*Passaro v. Barnhart*, to wit:

> The case cited in support of plaintiff's position, *Baker v. Bowen*, 839 F.2d 1075
> (5th Cir.1988), predates the 1996 amendments which raised the statutory rate
> from $75 to $125 per hour, and in contrast to plaintiff's assertion that *Baker*
> suggests cost of living increases should be automatic, that case states specifically
> that "while the statute allows an adjustment for changes in the cost of living, it
> does not absolutely require it." *Id.* at 1084 (emphasis in original).[18]

Because the statutory hourly rate is a "ceiling and not a floor," increases above the rate should be

made only in "rare circumstances."[19]   A significant difference (rise) in the cost of living in a

particular locale may justify an increase in the fee but the rule does not require that attorneys' fee

awards track the cost-of-living index.   There has been no showing that the market rate for

counsel who specialize in social security appeals in this particular district tracks the permutations

of the cost of living index from year to year.   Plaintiff points to no "special factor" as

contemplated by the statute which would justify a $34.60 increase above the statutory cap in this

particular case.   The matter was remanded pursuant to the Government's unopposed motion after

plaintiff filed his initial brief.

This Court's review of the particular facts of this case reveals no "special  factor."   There

is no question but that counsel rendered a stellar performance; however, rates should be

increased only to the extent necessary to ensure *adequate* representation.   As stated above, the

purpose of the applicable provisions of the EAJA is "to ensure that there is sufficient

representation for individuals who need it while minimizing the cost of attorneys' fees awards to

---

[18]*Passaro v. Barnhart*, 2005 WL 1432368  (E. D. La. March 27, 2005) (Barbier, J.).

[19]*Baker v. Bowen,*  839 F.2d 1075, 1082 (5th Cir. 1988).

the taxpayers."[20]   There is no suggestion that an increase in the rate above the statutory cap is or

was necessary to ensure an *adequate* source of representation for social security claimants *in this

district*.   Accordingly, the undersigned has determined that an upward adjustment of the hourly

rate above the statutory ceiling is not warranted under particular facts presented in this case.

As previously noted, the undersigned Magistrate Judge has determined that the 26.25

hours of attorney time were reasonably expended on the litigation in light of factors outlined in

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).   In the instant case, the itemization of time in

support of EAJA fees attached to Plaintiff's Petition for Attorneys' Fees can be readily grouped

into the following general categories: review of file; preparation of the complaint; review of

administrative record/ preparation of plaintiff's memorandum in support of remand; client

communication; review of communications/pleadings/court order; and preparation and filing of

plaintiff's Application for Award of Attorney's Fees.

It is clearly within this Court's discretion to allow reasonable fees for preparation of the

complaint and steps taken initiating the appeal.[21]   A review of the listed hourly activities reveals

that the plaintiff seeks payment of fees for time spent reviewing the administrative record,

framing issues on appeal, conducting necessary research and drafting "Plaintiff's Brief"(twenty-

pages).   The Court finds that the hours charged for the foregoing legal work are reasonable under

the circumstances.

---

[20]*Id.*

[21]*O'Neal v. Shalala*, 1995 WL 317311,*1 (E. D. La. May 23, 1995) (Lemelle, J.).

Similarly, the Court finds that the time charged for preparing and filing the instant fee application, 2.00 hours, is reasonable under the circumstances and warranted under the applicable law.  Finally, the docket reflects that the filing fee of $250.00 claimed as court cost was actually paid to the clerk of court when the complaint was filed and thus should be reimbursed as a litigation expense.

Applying an hourly rate of $125.00 to 26.25 hours (Harrington 17.6 hrs/Matthews 6.55 hrs/Bohr 2.0 hrs), the plaintiff is entitled to $3,281.25 plus $250.00 in court costs for a total of **$3,531.25**.

## Recommendation

Plaintiff's application for attorney's fees should be GRANTED IN PART. The court should order the Commissioner of Social Security to pay counsel for plaintiff fees, costs and expenses under the Equal Access to Justice Act in the total amount of **$3,531.25**.

## Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objection to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United States Automobile Association,* 79

9

F.3d 1415 (5th Cir. 1996).

New Orleans, Louisiana, this <u>21st</u> day of June, 2006.


DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE